IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21- |
| v. | : | DATE FILED: |
| GLENN W. PHILLIPS | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 2 counts)<br>18 U.S.C. § 1341 (mail fraud – 4 counts) |
| | : | Notice of forfeiture |

## INDICTMENT

### COUNTS ONE AND TWO

**THE GRAND JURY CHARGES THAT:**

**Background**

1.  In or about 2012, the defendant GLENN W. PHILLIPS formed approximately 12 businesses in Virginia. Among these were Global Apps Corporation, GlobalDLP.com.DE, Inc., GAppsCor Development LLC, and DLP Global LLC.

2.  In or about June 2013, Bank of America account ending 5405 was opened in the name of Global Apps Corporation. Defendant GLENN W. PHILLIPS had sole signature authority on this account.

3.  In or about March 2014, Bank of America account ending 1036 was opened in the name of GlobalDLP.COM.DE Inc. Defendant GLENN W. PHILLIPS had sole signature authority on this account.

4.  In or about February 2013, First National Bank of Alta Vista account ending 0920 was opened in the name of GAppsCor Development LLC. Defendant GLENN W. PHILLIPS had sole signature authority on this account.

5. In or about February 2013, First Citizens Bank account ending 0345 was opened in the name of DLP Global LLC. Defendant GLENN W. PHILLIPS had sole signature authority on this account.

6. In or about December 2013, a second account was opened at First Citizens Bank in the name of DLP Global LLC, First Citizens Bank account ending 4015. Defendant GLENN W. PHILLIPS had sole signature authority on this account.

## THE SCHEME

7. From in or about October 2013 through in or about October 2016, defendant

**GLENN W. PHILLIPS**

devised and intended to devise a scheme to defraud members of churches, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

8. The defendant GLENN W. PHILLIPS approached individual pastors of churches of Denomination #1, seeking access or introductions to their members. Defendant PHILLIPS told these pastors that he was interested in making a large donation to their churches. Defendant PHILLIPS explained (then, or in a subsequent meeting) that he had developed language translation software, but needed to raise funds to market his software overseas. Defendant Phillips explained that if the pastor's church members would lend him the money, he would repay it with interest, and would also make a large contribution to their church, e.g., for the church's building fund, when he sold his software.

9. Defendant GLENN W. PHILLIPS then met with interested church members individually, in their homes or at restaurants. Defendant PHILLIPS explained to the church

members that he needed to raise money, generally telling them that he needed to raise approximately $200,000 or $250,000 to market his language software overseas. Defendant PHILLIPS told church members that he would make a large donation to their church, e.g., $1 million dollars or some other large amount, e.g., for the church's building fund, when he sold the software.

10. When church members agreed to lend money, defendant GLENN W. PHILLIPS gave the church members Promissory Notes for one-year or two-year loans, at 10% interest.

11. The church members' checks were made payable to defendant GLENN W. PHILLIPS's company, Global Apps Corporation.

12. In total, defendant GLENN W. PHILLIPS obtained at least approximately $315,000 from approximately 26 church members.

13. Defendant GLENN W. PHILLIPS deposited, or caused to be deposited, the church members' funds into Bank of America account ending 5405 in the name Global Apps Corporation, and, in at least one instance, into Bank of America account ending 1036 in the name GlobalDLP.COM.DE. Inc.

14. Defendant GLENN W. PHILLIPS then used some of the church members' funds to repay a professor in Virginia, from whom PHILLIPS had solicited a loan to help launch his software business.

15. Defendant GLENN W. PHILLIPS also used some of the church members' funds to pay for hotel and restaurant charges, retail purchases, gas charges, and other living expenses.

16. Defendant GLENN W. PHILLIPS also used some of the church members' funds to make large cash withdrawals.

17. Defendant GLENN W. PHILLIPS also transferred (directly, or in a series of transfers) some of the church members' funds into other accounts on which defendant PHILLIPS had sole signature authority, including First National Bank of Alta Vista account ending 0920 in the name GAppsCor Development LLC., and First Citizens Bank accounts ending 0345 and 4015 in the name of DLP Global LLC.

18. When defendant GLENN W. PHILLIPS transferred investor funds from one account to another account, he then used the newly transferred funds for cash withdrawals, purchases of daily living expenses, and/or transfers to other accounts, until he had essentially depleted all of the church member funds.

**Church members D.S. and R.P.**

19. D.S. was a member of one of the churches ("Church #1). On or about February 19, 2016, D.S. agreed to lend $1,000 to defendant GLENN W. PHILLIPS based on the representation of defendant PHILLIPS that he would use the funds to market his software abroad.

20. On or about February 19, 2016, defendant GLENN W. PHILLIPS signed a Promissory Note, agreeing to repay D.S. his money, with 10% interest, in one year.

21. R.P. was a member at one of the churches ("Church #1"). In or about May 2016, R.P. agreed to lend $5,000 to defendant GLENN W. PHILLIPS based on the representation of defendant PHILLIPS that he would use the funds to market his software abroad.

22. On or about June 16, 2016, defendant GLENN W. PHILLIPS signed a Promissory Note, agreeing to repay R.P. his money, with 10% interest, in one year.

23. On or about each of the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**GLENN W. PHILLIPS,**

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | 2/19/2016 | D.S., who was in the Eastern District of Pennsylvania, initiated a $1,000 wire transfer from his Wells Fargo Bank account ending 5940, which was electronically processed by a Wells Fargo Bank computer server located in Alabama and transmitted to a Bank of America computer server located in Texas, in order to credit a deposit to Bank of America account ending 5405 in the name of Global Apps Corporation. |
| 2 | 6/16/2016 | R.P. Sr., who was at a Wells Fargo branch in the Eastern District of Pennsylvania, initiated a $5,000 wire transfer from his Wells Fargo Bank account ending 6697, which was electronically processed by a Wells Fargo Bank computer server located in Alabama and transmitted to a Bank of America computer server located in Missouri, in order to credit a Bank of America account ending 5405 in the name Global Apps Corporation. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS THREE THROUGH FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 and 8 through 18 of Count One are incorporated here by reference.

### THE SCHEME

2. From in or about October 2013 to in or about October 2016, defendant

### GLENN W. PHILLIPS

devised and intended to devise a scheme to defraud members of churches, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. When an individual church member's loan was about to reach its maturity date, and therefore defendant GLENN W. PHILLIPS was required by the terms of the loan agreement to repay the loan amount and interest to the individual church member, instead defendant PHILLIPS generally presented the church member with a document extending the maturity date. When the new extended maturity date was approaching, defendant PHILLIPS sometimes presented the church member with another document extending the maturity date yet again, and in some instances, defendant PHILLIPS presented some church members with a document extending the maturity date yet a third time.

4. Eventually, in or about March 2016, defendant GLENN W. PHILLIPS mailed church members a one-page letter dated March 28, 2016, in which he advised them of a delay but promised to repay their loans on September 30, 2016. In the letter, defendant PHILLIPS also

told the church members that their "Loan/Corporate Note. is in full force and effect, earning 10% APR interest, with annual compounding of interest."

5. On or about March 28, 2016, in the Eastern District of Pennsylvania, the Middle District of North Carolina, and elsewhere, defendant

**GLENN W. PHILLIPS**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail according to the directions thereon, a letter from defendant PHILLIPS to the church members listed below, which stated that "Our time together on this project/journey is definitely coming to an end, but on March 28, 2016, there is a DELAY in my concluding/finalizing by March 31, 2016," and further stating that their "Loan/Corporate Note" would be extended to a new maturity date of September 30, 2016," -- but falsely assuring the church members that their funds were "continuing to earn interest on the outstanding principle, with annual compounding" when, in fact, he knew that he had withdrawn most of their investment funds as cash and/or spent their investment funds on personal purchases, on the date described below for each count, with each mailing constituting a separate count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 3 | 3/28/16 | Envelope postmarked March 28, 2016, mailed from Greensboro, North Carolina, addressed to R.K. and P.K. in Quakertown, PA |
| 4 | 3/28/16 | Envelope postmarked March 28, 2016, mailed from Greensboro, North Carolina, addressed to E.K. and N.K. in Pennsburg, PA |
| 5 | 3/28/16 | Envelope postmarked March 28, 2016, mailed from Greensboro, North Carolina, addressed to R.G.M. and C.A.M. in Red Hill, PA |

In violation of Title 18, United States Code, Section 1341.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 and 8 through 18 of Count One are incorporated here by reference.

2. K.W.H. was a member of Church #1 who had loaned defendant GLENN W. PHILLIPS money in 2014 in response to PHILLIPS's request for funds so that he could market his software overseas.

### THE SCHEME

From in or about June 2013 to in or about September 2017, defendant

### GLENN W. PHILLIPS

devised and intended to devise a scheme to defraud K.W.H., and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. In or about March 2015, defendant GLENN W. PHIILPS solicited K.W.H. to help defendant PHILLIPS fund a "fast track" Initial Public Offering ("IPO") of stock for defendant PHILLIPS's company.

4. K.W.H. agreed to lend defendant GLENN W. PHILLIPS $5,000 for two years at 20% interest.

5. On or about March 19, 2015, K.W.H. gave defendant GLENN W. PHILLIPS a check for $5,000 payable to GlobalDLP.com.DE.

6. On or about March 20, 2015, a $5,000 credit was posted to Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc. Prior to this credit, the balance in Bank of America account ending 1036 was less than approximately $400.

7. On or about March 20, 2015, a $4,000 cash withdrawal was posted from Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc.

8. On or about March 20, 2015, and for days thereafter, numerous Point of Sale charges for food, lodging, and living expenses were posted to Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc.

9. In or about May 2017, WH. received a letter from defendant GLENN W. PHILLIPS postmarked on or about May 13, 2017. In the letter, defendant PHILLIPS stated that he was "Reconfirming original Principal of your March 19, 2015 Loan to GlobalDLP.com.CA, Inc. of USD $5,000, at an APR rate of 20%, with annual compounding, makes the compounded Interest Earned a total of $2,200.00, on the 'initial' maturity date of March 18, 2017, per note yield, and a total due of USD $7,200.00." Defendant PHILLIPS stated that "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and having been Paid, your distribution will be deferred to July 18, 2017, or sooner." (Emphasis in original.) Defendant PHILLIPS stated that "Until the 'actual/final/ distribution, your Principal, of $7,200.00 as of the 'initial' maturity date, will 'again' continue to accrue Interest on Unpaid Principal balance at the APR of 20%." (Emphasis in original.)

10. In or about July 2017, K.W.H. received a letter from defendant GLENN W. PHILLIPS postmarked on or about July 10, 2017. In the letter, defendant PHILLIPS once again confirmed the debt. Defendant PHILLIPS also once again stated, "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and

having been Paid, <u>your distribution will be deferred</u> to September 18, 2017, <u>or sooner."</u> (Emphasis in original.)  Defendant PHILLIPS once again confirmed <u>"Until the 'actual/final/ distribution,</u> your Principal, of $7,200.00 as of the 'initial' maturity date, will 'again' continue to accrue Interest on Unpaid Principal balance at the APR of 20%." (Emphasis in original.)

11. In or about September 2017, K.W.H. received a letter from defendant GLENN W. PHILLIPS postmarked on or about September 18, 2017. Defendant PHILLIPS once again confirmed the debt. Defendant PHILLIPS also once again stated, "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and having been Paid, <u>your distribution will be deferred</u> to January 18, 2018, <u>or sooner."</u> (Emphasis in original.)

12. Defendant GLENN W. PHILLIPS never repaid K.W.H.

13. On or about September 18, 2017, in the Eastern District of Pennsylvania, the Middle District of North Carolina, and elsewhere, defendant

## GLENN W. PHILLIPS

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail according to the directions thereon, a letter from defendant PHILLIPS to K.W.H., assuring him that his loan would continue to accrue interest, when defendant PHILLIPS knew that he had withdrawn most of K.W.H.'s funds as cash and/or spent K.W.H.'s funds on PHILLIPS's daily living expenses.

In violation of Title 18, United States Code, Sections 1341.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Sections 1343 and 1341, set forth in this indictment, defendant

**GLENN W. PHILLIPS,**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations including, but not limited to, the sum of $413,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**A TRUE BILL:**

███████████
**FOREPERSON**

_Ronald Sarock for_
**JENNIFER ARBITER WILLIAMS**
**Acting United States Attorney**

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

v.

GLENN W. PHILLIPS

INDICTMENT

Counts
**18 U.S.C. § 1343 (wire fraud – 2 counts)**
**18 U.S.C. § 1341 (mail fraud – 4 counts)**
**Notice of forfeiture**

Filed in open court this _____ day,
Of _____ A.D. 20_____

Clerk

Bail, $_____